The document below is hereby signed.

Signed: December 21, 2018



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOYCE C. HARRIS, | ) | Case No. 18-00351 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER DENYING CONFIRMATION OF THIRD
AMENDED PLAN AND DIRECTING DEBTOR TO FILE FOURTH AMENDED PLAN

Under 11 U.S.C. § 1325(a)(5)(B)(ii), a plan may not be confirmed unless "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." The debtor's third amended plan proposes to pay the allowed secured claim of Purchasing Power LLC over time without any interest. Plainly the plan does not provide for the creditor to receive the present value of its claim, as of the effective date, as required by § 1325(a)(5)(B)(ii).

This analysis is not altered by the fact that the contracts at issue provided for no interest to be paid on the debt pursuant to installment payments required under the contracts. Months before the time payments of under the plan of Purchasing Power

LLC's claim are to be completed, the respective dates for completing payments under the parties' contracts will have expired.[1] In any event, the plan does not give Purchasing Power LLC the right to resort to nonbankruptcy law remedies should the debtor make payments less quickly than was required by the parties' contracts. The plan thus does not amount to surrendering the collateral to the rights of Purchasing Power LLC under nonbankruptcy law.

It is thus

ORDERED that unless Purchasing Power LLC files an acceptance of the current plan, then within 14 days after entry of this order, the debtor shall file and serve a fourth amended plan:

> (1) specifying a post-confirmation date rate of interest to be paid on the allowed secured claim of

---

[1] The debtor bought various items of personal property from the creditor under contracts calling for payment of the purchase prices via 24 semimonthly payments. Illustratively, the bulk of the creditor's claim of $1,902.29 is a claim of $1,474.06 owed pursuant to a contract requiring 24 semimonthly installment payments (two payments a month), starting December 19, 2017, or on the debtor's next pay date thereafter. In other words, the debtor was required to pay the $1,474.06 via 12 months of two payments a month commencing by no later than sometime in January 2018. That $1,474.06 was thus required under the contract to have been largely paid by now. The plan provides for 17 equal monthly payments of the claim. Those monthly plan payments to be made on the $1,474.06 claim will not be completed before the last payment specified by the contract was due. The same is true of the other contracts at issue: under each of the contracts, the date for completing payments under the contract will have passed months before the claim is paid pursuant the 17 months of plan payments.

    Purchasing Power LLC, or

        (2)  that otherwise complies with the Bankruptcy Code (*e.g.*, by providing for surrender of the property securing the claim),

with notice that any objection to the proposed amendment must be filed within 21 days of the filing of the amended plan, along with notice that the hearing on confirmation of a plan is continued to the date that is the next available confirmation hearing date after the passage of that 21-day period.

                              [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.